Richard WEATHERALL, Plaintiff,

v.

Gloria J. WEATHERALL, n/k/a Gloria J. Addison, Defendant.

No. 99–C–549.

United States District Court, E.D. Wisconsin.

Dec. 14, 1999.

Christine Harris, Harris & Nelson, Wauwatosa, WI, for Plaintiff.

Gloria J. Weatherall, Duluth, GA, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Pro se defendant Gloria Weatherall removed this action, which began as a divorce proceeding in state court, to this court. The plaintiff has filed a motion to remand. Ms. Weatherall has filed a motion to enlarge her time to respond to the motion, and she has filed a response that is late even assuming that I granted her motion to enlarge. Nevertheless, the plaintiff has not objected to her motion or her late response. I will therefore grant the motion to enlarge and will consider her tardy response. However, her response and petition for removal do not state any valid basis for federal court jurisdiction. Accordingly, the plaintiff's motion to remand will be granted.

The defendant has asserted a number of grounds for removal: (1) federal question jurisdiction, (2) diversity jurisdiction, and (3) civil rights removal jurisdiction pursuant to 28 U.S.C. § 1443(1). She also cites 28 U.S.C. § 1446(d), but this section deals only with the procedural effect of a notice of removal and does not state an independent substantive basis for removal.

Section 1441(b) permits the removal of any civil action over which this court has original jurisdiction, by virtue of either federal question jurisdiction or diversity jurisdiction. It is clear from the record that this court cannot exercise federal question jurisdiction over this divorce case, as it plainly does not arise "under the Constitution, treaties or laws of the United States". *Id.* Diversity jurisdiction is also lacking. Ms. Weatherall currently resides in Georgia, but her petition states that she moved there only recently from Wisconsin. Removal based on diversity of citizenship is not proper because it appears that she resided in Wisconsin when this action began. 28 U.S.C. § 2241(a); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986).

Section 1443(1) also does not provide a basis for removal of this case. This section permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Ms. Weatherall alleges that the state court has discriminated against her on the basis of her race and sex, in violation of 42 U.S.C. § 1985 and the equal protection clause, among other laws. The only allegations to support her claim are that the state court has made rulings regarding child support and other issues that were unfair to her, and that she is black and the judge, court administrator and the plaintiff's lawyer are white.

I doubt that these allegations are sufficient to support an inference of racial or gender discrimination. Even assuming they are, however, Ms. Weatherall must show that she will be denied or cannot

enforce her rights in the state courts. 28 U.S.C. § 1443(1); *Neal v. Wilson,* 112 F.3d 351, 355 (8th Cir.1997). There are no allegations to suggest that if in fact her rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. Therefore, she has not established her entitlement to removal pursuant to § 1443(1). *See City of Greenwood v. Peacock,* 384 U.S. 808, 828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted ... that those rights will inevitably be denied ....."); *Neal,* 112 F.3d at 355.

■ The plaintiff seeks his attorney's fees and costs in connection with the removal and his motion to remand, claiming that the petition for removal was meritless. Whether to award such costs and fees is committed to this court's discretion. 28 U.S.C. § 1447(c). I believe that the plaintiff is entitled to an award of the reasonable costs that he incurred as a result of the removal. However, taking into account Ms. Weatherall's pro se status, I do not believe an award of attorney's fees is warranted.

### ORDER

Therefore, IT IS ORDERED that the defendant's motion to enlarge her time to respond to the motion to remand be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is remanded to the circuit court of Milwaukee County, pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the plaintiff shall recover his reasonable costs associated with the removal petition and the motion to remand.

IT IS FURTHER ORDERED that the plaintiff's request for attorney's fees be and hereby is denied.